UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRYSTAL LEE MARTIN #47111, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:24-cv-01009 |
| KALUM STANLEY, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This is a pro se prisoner civil rights case filed by Crystal Lee Martin, an inmate of the Women's Therapeutic Residential Center ("WTRC") in Henning, Tennessee. (Doc. No. 1). By Order entered on April 28, 2025, the Court dismissed this case for failure to comply with the Orders of the Court and want of prosecution. (Doc. No. 17). Plaintiff has now filed a Motion for Reconsideration of that Order. (Doc. No. 18).

The Federal Rules of Civil Procedure do not permit motions for reconsideration after the dismissal of an action, which is the case here. The only way the Court can consider Plaintiff's motion is to construe it as a motion seeking an amendment of the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Rule 59 provides that the court may grant a motion to alter or amend a judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. Fed. R. Civ. P. 59(e); see GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). A motion to alter or amend judgment under Rule 59(e) must

1

be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Therefore, Plaintiff's motion, if construed as a Rule 59(e) motion, was timely filed.

In her motion, Plaintiff does not allege that there has been an intervening change in controlling law that would require the Court to revisit its previous analysis. Nor does Plaintiff allege that she has newly discovered evidence. Instead, Plaintiff contends that the Court should vacate its dismissal of her case because the Court's November 22, 2024, and January 30, 2025 Orders were not received by Plaintiff; Plaintiff notified the Court on January 9, 2025, that she would be "on the move" due to a February 3, 2025 court date; Plaintiff was transported to a different facility temporarily no later than February 3, 2025 until February 12, 2025, and then again from March 12, 2025 to March 25, 2025; Plaintiff is "not sure" why the WTRC did not hold her mail from the Court until she returned from the "D.J.R.C" and that "is why [she] motioned for an update after returning to W.T.R.C."; and it would have been "impossible" for her to comply with the Court's January 30, 2025 Order because she did not receive it. (Doc. No. 18 at 2).

It will be helpful here to revisit what happened in this case prior to the Court's Order of dismissal. By Order entered on September 12, 2024, the Court informed Plaintiff that, to proceed with this case, she must submit a revised Application for Leave to Proceed In Forma Pauperis ("IFP Application") along with a certified inmate account statement. (Doc. No. 5).

Plaintiff submitted a revised IFP Application (Doc. No. 6), but not the missing certified statement. She stated that she "need[ed] a court order to get a printout of trust account" because "Administrator @ SCJ, Jerry Scott, said if I want anything from him I can get a court order." (Id. at 1). By Order entered on November 22, 2024, the Court found that, based on Plaintiff's representations, she had made a good faith effort to obtain the inmate account trust fund

2

statement by the deadline imposed by the Court. The Court therefore directed Plaintiff to provide a copy of the November 22, 2024, Order to the custodian of Plaintiff's inmate trust fund account statement within seven days of receiving the Order. (Doc. No. 8). Therein, to clear up any confusion as to what is required, the Court directed the custodian of Plaintiff's inmate trust fund account or other Sumner County Jail official, no later than 30 days after entry of the Order, to mail to the Court a certified copy of Plaintiff's inmate trust account statement covering the six-month period before Plaintiff filed the complaint in this case.

On November 26, 2024, the Court received a Notice of Change of Address from Plaintiff. (Doc. No. 9). The envelope containing the notice was dated November 20, 2024, in Plaintiff's handwriting. (Id. at PageID# 2). In the notice, Plaintiff states that she was transferred to a different facility on November 18, 2024. (See id.) On December 10, 2024, the Court's November 22, 2024 Order was returned to the Court marked "Return to Sender – Unable to Forward." (Doc. No. 10). Thus, it appears that Plaintiff did not receive the Court's Order of November 22, 2024, before she was transferred to her new location.

On January 9, 2025, the Court received a second Notice of Change of Address from Plaintiff. (Doc. No. 11). In that notice, Plaintiff states that she had been relocated and had not received any mail from the Court since October 2024.[1] (Id. at 1). She asked for "a stay/extension of time and proceedings" until she had "landed in a place to get [her] mail." (Id. at 2). Recognizing that Plaintiff had no control over her institutional transfers and is proceeding pro se, the Court found it appropriate to extend the deadline for Plaintiff's compliance with the November 22, 2024 Order. (Doc. No. 12). Thus, by Order entered on January 30, 2025, the Court directed Plaintiff to obtain a certified copy of her current inmate trust account statement from her

---

[1] The Court did not mail anything to Plaintiff in October 2024. The Court mailed Plaintiff its Order entered on September 12, 2024, to which Plaintiff may have been referring.

current account custodian and mail it to the Court within 30 days. (Id. at 2). Alternatively, Plaintiff could submit the full civil filing fee by the same deadline. (Id.) The Court denied her request for a stay, but assured Plaintiff that it would not mail anything else to her before the 30-day deadline expired. (Id. at 3). Additionally, the Court directed Plaintiff to contact the Court within 14 days of being transferred and provide her current mailing address. (Id.) The Court advised Plaintiff that, at that time, if Plaintiff required an extension of time within which to provide her certified inmate trust account statement, Plaintiff could seek an extension for that purpose. (Id.) The Court specifically warned Plaintiff that if she failed to respond to the Court's Order in writing after 30 days, this case would be subject to dismissal. (Id.) The Court's January 30, 2025 Orders to Plaintiff were returned to the Court marked "Return to Sender – Not Deliverable As Addressed – Unable to Forward." (Doc. Nos. 14, 15).

A few days after the entry of the Order, Plaintiff submitted miscellaneous documents and a transcript. (Doc. No. 13). These documents did not include the missing certified account statement. On April 10, 2025, Plaintiff signed a "Motion for an Update" (Doc. No. 16), which the Court received on April 17, 2025. That motion consisted only of the following text: "Requesting decision for filing in purpos forma [sic], and need summons and copy of complaint to serve." (Id. at 1).

After Plaintiff failed to comply with the deadline, the Court dismissed this action. (Doc. No. 17). The Court explained that, although it was sympathetic to the difficulties associated with Plaintiff's institutional transfers, Plaintiff had not kept up her end of the bargain, even after generous extensions. (Id. at 3). Plaintiff's most recent filing does not change the Court's decision.

Plaintiff admits that, notwithstanding the two moves to and from another facility, she was at the WTRC (which she provided to the Court as her current mailing address) from February 13, 2025 to March 11, 2025, and again from March 26, 2025 forward. It appears undisputed that Plaintiff did not receive the Court's November 22, 2024 and January 30, 2025 Orders; thus, when Plaintiff returned to the WTRC on March 25, 2025, she had not received any communications from the Court since September 2024—some six months prior. Yet, Plaintiff did not file her "Motion for Update" for three more weeks, until April 17, 2025.[2] It was Plaintiff's responsibility to prosecute this action. Had Plaintiff timely contacted the Court after her transfers to a different facility and eventual return to WTRC, the Court would have known prior to the entry of the April 28, 2025 Order that Plaintiff desired to prosecute this action. As it stood, the Court waited <u>two extra months</u> before dismissing this action. Plaintiff could have phoned the Clerk's Office or filed a motion to ascertain status. She did not. For these reasons, Plaintiff is not entitled to relief under Rule 59(e).

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or the judgment is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A motion for relief from

---

[2] Moreover, Plaintiff filed documents with the Court in early February 2025 after presumably not hearing from the Court since the early fall. (Doc. No. 13). Plaintiff easily could have asked for a status update in the written materials she submitted in February 2025 or at any point between September 2024 and February 2025.

a judgment or order under Rule 60 must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Therefore, Plaintiff's instant motion, if construed as a Rule 60 motion, was timely filed.

None of the enumerated grounds for relief under Rule 60(b)(1)-(5) apply in this case, however. Rule 60(b)(6) is a catchall provision that provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b). McGuire v. Warden, 738 F.3d 741, 750 (6th Cir. 2013). Rule 60(b)(6) only applies in exceptional or extraordinary circumstances where principles of equity mandate relief. Id. "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Blue Diamond Coal v. Trustees of United Mine Workers, 249 F.3d 519, 529 (6th Cir. 2001); see also Thompson v. Bell, 580 F.3d 423, 442 (6th Cir. 2009). A district court's discretion in deciding a Rule 60(b)(6) motion is especially broad due to the underlying equitable principles involved. Tyler v. Anderson, 749 F.3d 499, 509 (6th Cir. 2014).

Here, Plaintiff does not describe any exceptional or extraordinary circumstances that mandate relief. For these reasons, Plaintiff is not entitled to relief from judgment under Rule 60(b)(6).

Accordingly, Plaintiff's motion (Doc. No. 18), whether construed as a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from a judgment or order, is hereby **DENIED**.

The Court notes that its prior Order dismissing this action did not indicate whether the dismissal was with or without prejudice. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." <u>Muncy v. G.C.R., Inc.</u>, 110 F. App'x 552, 557 n.5 (6th Cir. 2004); <u>see also</u> <u>Mulbah v. Detroit Bd. of Educ.</u>, 261 F.3d 586, 590-91 (6th Cir. 2001). Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, Plaintiff appears pro se. <u>See</u> <u>Schafer v. City of Defiance Police Dep't</u>, 529 F.3d 731, 737 (6th Cir. 2008) (noting that courts may opt for dismissal with prejudice "'in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting <u>Harmon v. CSX Transp., Inc.</u>, 110 F.3d 364, 367 (6th Cir. 1997)).

The Court therefore determines that the prior dismissal of this action was without prejudice. That means Plaintiff may initiate a new case against the same defendants raising the same allegations as she did in this case, if she so chooses. The Court makes no representations as to the timeliness or viability of such claims.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE